UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY LEE BROWN,

        Petitioner,

                              CASE NO. 2:11-CV-10050
v.                          HONORABLE VICTORIA A. ROBERTS

J.T. SHARTLEY,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

This is a habeas case under 28 U.S.C. § 2254. Michigan parolee Johnny Lee Brown ("Petitioner") pleaded guilty to third-degree fleeing and eluding a police officer, Mich. Comp. Laws § 257.602a(3), in the Wayne County Circuit Court and was sentenced to one to five years imprisonment in 2007. He was paroled from state custody on July 21, 2009 with a supervision discharge date of July 21, 2011.[1]

In his pleadings, Petitioner raises claims concerning the plea-taking procedures, double jeopardy, and ineffective assistance of trial and appellate counsel. For the reasons set forth herein,

---

[1] Upon being paroled, Petitioner was taken into federal custody for service of a federal sentence, which he served in Ohio. He instituted this action in the United States District Court for the Northern District of Ohio, the jurisdiction where he was confined, in October, 2010. That court recently transferred the case to this Court. Petitioner is currently at a halfway house in Kentucky.

the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis on* appeal.

**II.     Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. His habeas application and attached documents indicate that he presented his habeas claims to the state trial court in a motion for relief from judgment, which was denied on March 12, 2010.[2] The record

---

[2] Petitioner filed a direct appeal in the state courts asserting that his plea was illusory and involuntary and seeking corrections to the pre-sentence report. The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. *See People v. Brown*, No. 287608 (Mich. Ct. App. Nov. 7, 2008) (unpublished); *People v. Brown*, 483 Mich. 920, 762 N.W.2d 526 (March 27, 2009).

before this Court does not indicate that he appealed the trial court's denial of his motion for relief from judgment to the Michigan Court of Appeals or the Michigan Supreme Court. Under Michigan Court Rule 6.509(A), Petitioner may file an application for leave to appeal the trial court's denial of his motion for relief from judgment with the Michigan Court of Appeals within 12 months of the trial court's decision. Given that the trial court denied Petitioner's motion for relief from judgment on March 12, 2010, the time for seeking review by the Michigan Court of Appeals has not yet expired. Petitioner therefore has additional remedies in the state courts which must be exhausted before seeking habeas relief in federal court.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon Petitioner's claims. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

### III.   Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 7, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record and Johnny Lee Brown by electronic means or U.S. Mail on January 7, 2011.

s/Carol A. Pinegar
Deputy Clerk